## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **8:08CR433** |
| **vs.** | ) | |
| | ) | **TRIAL ORDER** |
| **RICHARD TRIPLETT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter was removed from the trial docket at the request of the defendant. A change of plea hearing was set for August 19, 2009 pursuant to Judge Smith Camp's Order of July 29, 2009; however, on August 19, the defendant appeared with counsel, declined to enter a change of plea, and requested that the case be returned to the trial docket.

**IT IS ORDERED:**

1.     At the defendant's request, this matter is returned to the active trial docket.

2.     This case is scheduled for a jury trial before the Honorable Laurie Smith Camp, District Court Judge, to begin **October 6, 2009** at 9:00 a.m. in Courtroom No. 2, Third Floor, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska; because this is a criminal case, defendant must be present in person

3.     In accordance with 18 U.S.C. § 3161(h)(8)(A), I find that the ends of justice will be served by accommodating defendant's request to return this matter to the active trial docket and outweigh the interests of the public and the defendant in a speedy trial. The time arising as a result of the granting of the motion, i.e., the time between **August 19, 2009 and October 6, 2009**, shall be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act, 18 U.S.C. § 3161 because counsel require more time to effectively prepare the case, taking into account the nature of the case and the exercise of due diligence. The failure to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(A) & (B).

**DATED August 19, 2009.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**