IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR433** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **AMENDED** |
| | ) | **TENTATIVE FINDINGS** |
| **RICHARD TRIPLETT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") in this case and the Defendant's objections to the PSR (Filing No. 53). *See* Order on Sentencing Schedule, ¶ 6. The government adopted the PSR. (Filing No. 49.) The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant objects to the following sections of the PSR: ¶¶ 18, 30, 31, and 33. The objections are discussed below.

*¶¶ 18, 30 - § 2G2.2(b)(3)(B) Enhancement; Distribution/Expectation of Receipt*

The Defendant objects to the 5-level enhancement based on his alleged repeated admissions that he traded child pornographic images on the internet with the expectation of receiving other such images. The Defendant objects to the underlying allegations in ¶ 18 that support this enhancement. The objection will be heard at sentencing, and the government has the burden by a preponderance of the evidence.

*¶ 31 - § 2G2.2(b)(4) Enhancement - Sadism, Masochism, Depictions of Violence*

The Defendant objects to this 4-level enhancement, arguing that the images in question do not portray sadistic or masochistic conduct or depict violence. The government has the burden by a preponderance of the evidence.

*¶ 33 - § 2G2.2(b)(7)(D) - Number of Images*

The Defendant objects to the 5-level enhancement applied because the offense is believed to involve over 600 images of child pornography. The Defendant argues that he is responsible for 110 images of child pornography and 8 videos that are "short depictions," and therefore the videos should not be counted as 75 images each.

The sentencing guidelines state that, in determining the number of images for purposes of U.S.S.G. § 2G2.2(b)(7), "[e]ach *video, video-clip,* movie, or similar recording shall be considered to have 75 images." U.S.S.G. § 2G2.2 application n. 4(B)(ii) (emphasis added). The commentary provides for an upward departure for a recording that substantially exceeds 5 minutes; however, a downward adjustment is not suggested.

Because the application note to the guideline is clear regarding the number of images to be assigned to a video or video-clip, the objection is denied insofar as it relates to the videos. The Defendant acknowledges that 8 videos exist, and 8 videos considered to have 75 images each results in 600 images alone for the videos in question. Because a 5-level upward adjustment is applied for 600 or more images, § 2G2.2(b)(7)(D), the number of still images for purposes of § 2G2.2(b)(7)(D) is moot and will not be addressed. Therefore, the objection is denied.

2

IT IS ORDERED:

1.    The Defendant's objections (Filing No. 53) are denied insofar as the objection to ¶ 33 is denied;

2.    The Defendant's objections (Filing No. 53) to ¶¶ 18, 30, and 31 will be heard at sentencing;

3.    The parties are notified that my tentative findings are that otherwise the PSR is correct in all respects;

4.    If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5.    Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final;

6.    Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

7.    If the parties need more time than is allotted for sentencing, they must immediately contact Edward Champion and reschedule the hearing.

Dated this 19th day of November, 2009.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              United States District Court